http://www.va.gov/vetapp16/Files5/1639930.txt

Citation Nr: 1639930 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 15-03 891 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas

THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).

REPRESENTATION

Appellant represented by: Texas Veterans Commission 

ATTORNEY FOR THE BOARD

L. Cramp, Counsel

INTRODUCTION

The appellant is a veteran (the Veteran) who had active duty service from March 1964 to January 1968. 

This appeal comes before the Board of Veterans' Appeals (Board) from a November 2012 rating decision of the RO in Waco, Texas.

In March 2016, the Board remanded this issue for additional evidentiary development. The appeal has since been returned to the Board for further appellate action. The Board also granted restoration of a 30 percent disability rating for vertigo and denied a rating in excess of 30 percent for vertigo. The Board's decision with respect to those matters is final. See 38 C.F.R. § 20.1100 (2016). 

The Veteran submitted additional medical evidence after the most recent Supplemental Statement of the Case and did not specify whether he wished to have the claim remanded to the RO for initial consideration of this evidence. A recent amendment to governing law (38 U.S.C.A. § 7105) stipulates that, with respect to claims for which a substantive appeal is filed on or after the date that is 180 days after the Aug. 6, 2012, date of the enactment of the amendment, i.e., February 2, 2013, such evidence shall be subject to initial review by the Board unless the claimant or the claimant's representative, as the case may be, requests in writing that the agency of original jurisdiction initially review such evidence. As the current appeal was perfected by a substantive appeal received on January 16, 2015, the Board will consider this evidence in the first instance. 

The Board acknowledges that the Veteran has filed a purported Notice of Disagreement with the March 2016 RO decision which implemented the Board's decision. The VA Form 21-0958 identifies the rating for vertigo and the issue of TDIU entitlement. However, there can be no valid Notice of Disagreement regarding the TDIU issue as the RO did not make any determination with respect to that issue; and, as that issue was already on appeal. Moreover, there can be no valid Notice of Disagreement with the assignment of a 30 percent rating for Vertigo. The RO simply implemented the Board's decision to reinstate the 30 percent rating and to deny any higher rating for vertigo. These are adjudicative determinations of the Board, not the RO. The Notice of Disagreement provisions of 38 C.F.R. § 20.201 (2016) apply to "adjudicative determinations" of the RO. In this case, the RO's action was purely administrative and not adjudicative in nature. The Veteran's options with respect to the denial of a higher rating in the March 2016 Board decision are to file a motion for reconsideration with the Board or to appeal to the United States Court of Appeals for Veterans' Claims (Veterans Court). The Veteran's request for a rating in excess of 30 percent for vertigo is referred to the RO for any action deemed necessary. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC) in Washington, DC. VA will notify the Veteran if further action is required.

REMAND

It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16 (2016). A finding of total disability is appropriate when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. §§ 3.340(a)(1), 4.15 (2016).

A total disability rating for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more. If there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more and the combined rating must be 70 percent or more. 38 C.F.R. § 4.16(a).

The combined service-connected rating, based on multiple disabilities, is only 50 percent and there is no single disability rated higher than 30 percent. The Board's March 2016 remand instructions were to apply the restored 30 percent rating for vertigo and readjudicate the claim of entitlement to TDIU, to include the question of whether referral for an extraschedular TDIU is warranted. In the Supplemental Statement of the Case, the RO simply noted that the schedular criteria for TDIU are not met and that the service-connected disabilities do not render him unable to secure or follow a substantially gainful occupation. The RO did not refer the matter of extraschedular TDIU for consideration pursuant to 38 C.F.R. § 3.321(b)(1) (2016). 

However, the Veteran has submitted substantial competent evidence in this case in support of his assertion that his service-connected disabilities render him unable to follow the types of work for which he has training and experience. The Veteran's primary job experience in recent years has been as a property insurance adjuster and as a courier. His occupation as a courier required him to operate a company-owned vehicle. His occupation as a property insurance adjuster required him to regularly climb ladders and inspect roofs of insured structures. 

A February 2, 2015, VA Primary Care Note indicates that the Veteran was advised by his treatment provider that, if he was having "any problems with vertigo," he should not drive a vehicle, operate heavy machinery, climb ladders, or put himself or anyone else in danger. That note also indicates that he was having attacks of vertigo three times per week (VBMS record 03/19/2015). 

A March 19, 2015, note from J. Adkins, PA/C, notes that the Veteran has moderate to severe vertigo with frequent episodes, two to three times weekly (VBMS record 03/19/2015). 

Other treatment records show that the Veteran's symptoms are increasing in frequency, and that he has episodes of dizziness every day, some of which last all day. Some episodes are accompanied by nausea. The Veteran has reported feeling in a "fog" during these episodes and being unable to concentrate. He has also reported loss of balance and disorientation. The Veteran is prescribed Meclizine, a medication which is known to cause drowsiness as a side-effect. He has also been prescribed Valium. 

A vestibular pathology has been confirmed objectively. Caloric testing conducted in June 2010 revealed a 33 percent weakness in the right ear, which indicates the presence of right peripheral, i.e., nerve or end-organ vestibular pathology (VBMS record 11/30/2010). 

The Veteran has also submitted letters from his former employer showing that he was suspended and ultimately released because he was unable to provide a medical clearance required by the employer. He has reported that he requested such a clearance but that it could not be provided by his treatment provider due to the recurrent nature of his symptoms. 

The Board finds that, while the schedular criteria for assignment of a TDIU are not met in this case, there is substantial evidence that the Veteran's service-connected disabilities, in particular his vertigo, have negatively impacted his ability to engage in the type of occupations for which he has training and experience. However, the applicable laws and regulations provide only for assignment in the first instance of an extra-schedular rating by the individuals specified in 38 C.F.R. § 3.321(b)(1). Having specifically delegated this particular authority to certain individuals, the VA Secretary has by necessity excluded the Board from exercising this authority in the first instance. See Floyd v. Brown, 9 Vet. App. 88, 96 (1996).

Of course, the regulation does not preclude the Board from considering whether referral to the appropriate first-line officials is required. Therefore, the correct course of action for the Board in extra-schedular consideration cases such as this one is to remand for the proper procedural actions outlined in 38 C.F.R. § 3.321(b)(1). 

In light of the presence in the record of competent evidence indicating that the Veteran's service-connected disabilities, and particularly his vertigo, render him unable to secure or follow a substantially gainful occupation, the Board finds that the criteria for referral of this matter for extraschedular consideration are met. 

Accordingly, the case is REMANDED for the following action:

Refer the issue of TDIU entitlement to the Undersecretary for Benefits or the Director, Compensation and Pension Service, for consideration of whether assignment of an extraschedular disability rating, to include a TDIU, is warranted. 

If the benefit sought on appeal is not granted, the Veteran and his representative should be provided a Supplemental Statement of the Case and an appropriate time period for response. The case should then be returned to the Board for further consideration, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). The Veteran is advised to appear and participate in any examinations, if notified to do so, as failure to do so may result in denial of this rating claim. See 38 C.F.R. § 3.655 (2016).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
JONATHAN B. KRAMER 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2016).